UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:16-cv-00374-AC<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

SCREENING STANDARD

Granting IFP status does end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiffs must assist the court in making this determination by drafting their complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

1

1  reason the case is filed in this court, rather than in a state court), as well as a short and plain
2  statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in
3  what way). Plaintiffs' claims must be set forth simply, concisely and directly. See "Rule 8" of
4  the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure
5  are available online at www.uscourts.gov/rules-policies/current-rules-practice-
6  procedure/federalrules-civil-procedure.

7        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
9  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
10 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
11 plaintiff, and (3) resolve all doubts in the plaintiffs' favor. See Neitzke, 490 U.S. at 327;
12 Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
13 Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

14       However, the court need not accept the truth of legal conclusions that are phrased as
15 factual allegations, or allegations that contradict matters properly subject to judicial notice. See
16 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State
17 Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

18       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
19 Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
20 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
21 of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
22 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an
23 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
24 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

25                            ANALYSIS

26       Plaintiff's complaint, which was filed on February 22, 2016, against the Commissioner of
27 Social Security ("the Commissioner"), contains a list of his medical problems along with the
28 statement "they did not receive my medical records." ECF No. 1. Such a complaint does not

contain a short and plain statement in accordance with Rule 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In addition, a complaint must explain the grounds of the court's jurisdiction.  Fed. R. Civ. P. 8(a)(1).  Plaintiff's complaint neither explains what its basis is or why the court has jurisdiction.  Accordingly, the court will dismiss plaintiff's complaint with leave to amend.

Although it is not clear, it seems to the undersigned that plaintiff may be attempting to appeal the denial of his social security benefits.  The undersigned bases this conclusion on the fact that plaintiff's complaint has been filed against the Commissioner, and his allegation that "they" did not receive his medical records.  See ECF No. 1.  "The exclusive method for obtaining judicial review of a final decision of the [Social Security Administration] is set forth in [42 U.S.C. § 405(g)]."  Tate v. United States, 437 F.2d 88 (9th Cir. 1971).  This statute provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

§ 405(g).  The aforementioned section operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner.  Bowen v. City of New York, 476 U.S. 467, 479 (1986).  Because the appeal provision set forth in § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit.  Id.; see also Fletcher v. Apfel, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day).  Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s).  Cribbet v. Comm'r of Soc. Sec., No. 1:12-CV-01142-BAM, 2012 U.S. Dist. LEXIS 155574, at *2–3 (E.D. Cal. Oct. 29, 2012) (M.J. McAuliffe); Cook v. Astrue, No. 1:12-CV-00347-GSA, 2012 U.S. Dist. LEXIS 31999, at *5–7 (E.D. Cal. Mar. 9, 2012) (M.J. Austin); Sanchez v. Astrue, No. 1:11-CV-00607 GSA, 2011 WL 1549307, at *2–3 (E.D. Cal. Apr. 21, 2011) (M.J. Austin).  The plaintiff must also allege that he

or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome.  Id.

If plaintiff decides to file an amended complaint challenging the denial of social security benefits, he is advised that the foregoing facts will need to be alleged.  Any amended complaint must (1) establish its timeliness, and (2) allege facts sufficient to show plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).  As the court has explained, to establish his complaint's timeliness plaintiff must allege that he appealed the Commissioner's denial of his application for benefits and when his appeal was denied.  Plaintiff must also allege *why* it is the Commissioner's decision was incorrect, in terms that are both simple and concise.  In addition, plaintiff is cautioned that an amended complaint supersedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Local Rule 220.

CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

2. Plaintiff's complaint, ECF No. 1, is DISMISSED; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 7, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE